# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-04-150 |
| | § | (Civil Action No. H-08-1628) |
| EDY GUARDADO-MEZEN | § | |

## **MEMORANDUM AND ORDER**

Defendant Edy Guardado-Mezen filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. # 456] and a supporting Memorandum [Doc. # 457]. By Memorandum and Order [Doc. # 503] and Final Order [Doc. # 504] entered July 23, 2009, the Court denied Defendant's § 2255 Motion. The case is now before the Court on Defendant's Motion for Reconsideration [Doc. # 510] dated September 3, 2009, to which the United States filed a Response [Doc. # 517]. Having carefully reviewed all pertinent matters in this criminal case, having a clear recollection of the case including the evidence presented at trial, and having applied the governing legal authorities, the Court **denies** Defendant's Motion for Reconsideration.[1]

---

[1] Defendant has filed a Notice of Appeal from the denial of his § 2255 Motion. Although a perfected appeal divests the district court of jurisdiction, the district court may "consider or deny a Rule 60(b) motion" while the appeal is pending. *Shepherd*
(continued...)

Defendant filed his Motion for Reconsideration more than ten (10) business days after entry of the Court's Memorandum and Order and Final Order on July 23, 2009. A motion seeking reconsideration of a Court's ruling is decided pursuant to Rule 60(b) of the Federal Rules of Civil Procedure if it is filed more than ten days after entry of the challenged order. *See, e.g., Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 327 n. 1 (5th Cir. 2004). Rule 60(b) contains six alternative grounds for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment.

FED. R. CIV. P. 60(b).

Defendant argues that he is entitled to his entire case file, that this Court and the United States Court of Appeals for the Fifth Circuit on direct appeal misunderstood the suppression issue, and that the Court failed to ask Defendant personally and directly if he understood his defense attorney adequately. Each of these issues was

---

[1] (...continued)
*v. International Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004). The Court has no jurisdiction, however, to grant relief under Rule 60(b) after a Notice of Appeal has been filed. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 190 n.2 (5th Cir. 2008).

raised in the § 2255 Motion and addressed by the Court in the Memorandum and Order entered July 23, 2009. Defendant's restatement of issues already raised and decided does not provide a basis for relief under Rule 60(b).

Defendant also argues that he did not know that his defense attorney had been a United States Attorney. Defendant fails to explain how this would warrant relief under § 2255 or under Rule 60(b). The information was publicly available. Moreover, there is no indication that defense counsel's prior employment as a prosecutor negatively affected his representation of Defendant in this case. In ruling on the § 2255 Motion, the Court considered carefully each challenge Defendant made to the adequacy of counsel's representation and found that counsel provided Defendant with constitutionally effective representation. Defendant is not entitled to relief under Rule 60(b) based on his lack of knowledge that defense counsel previously served as a United States Attorney.

Defendant's final argument is that he did not receive certain pleadings and orders entered by the Court. It is clear that Defendant received the Government's response to his § 2255 Motion and received the Court's Memorandum and Order denying that motion. The "two orders prior to dismissal" mentioned specifically by Defendant in the Motion for Reconsideration are the Order [Doc. # 489] denying a Motion to Compel and a Motion for Extension of Time and the Order [Doc. # 492]

directing Defendant to file any opposition to the Government's Motion to Dismiss by June 8, 2009. The docket sheet reflects that Order # 489 was remailed to Defendant on May 18, 2009, well prior to the Court's Memorandum and Order on July 23, 2009. If Defendant failed to receive the Order # 492, he fortuitously filed his response on the June 8, 2009 deadline. Consequently, Defendant has failed to demonstrate any prejudice if he did not receive the orders mentioned in the Motion for Reconsideration and the argument provides no basis for Rule 60(b) relief.

Based on the foregoing, it is hereby

**ORDERED** that Defendant's Motion for Reconsideration [Doc. # 510] is **DENIED**.

SIGNED at Houston, Texas, this 21st day of **January, 2010**.

_____
Nancy F. Atlas
United States District Judge